(October 7, 1974)

■ BALDWIN & CORNELIUS Co., Respondent, v. BLUE HARBOR REALTY COMPANY, Appellant, et al., Defendant. (Action No. 1.) BLUE HARBOR REALTY COMPANY, Appellant, v. EDWIN H. CARLIN et al., Respondents. (Action No. 2.) — In consolidated actions to recover a balance claimed for services rendered (Action No. 1) and to recover damages *inter alia* for breach of contract (Action No. 2), the appeal is from two orders of the Supreme Court, Nassau County, the first, dated April 19, 1974, which on motion of plaintiff in Action No. 1, *inter alia* restored that action to the Trial Calendar, and the second, dated May 6, 1974, which denied appellant's motion for reargument. Appeal from the order of May 6, 1974 dismissed, without costs. No appeal lies from an order denying a motion for leave to reargue a prior motion. Order of April 19, 1974 modified by striking therefrom the provision which severed Action No. 2 and returned it to Kings County. As so modified, said order is affirmed, without costs. Under the circumstances of this case, in which these two actions arising out of the same transaction were consolidated, we conclude it was an abuse of discretion to vacate the dismissal of one action (Action No. 1) and restore it to the calendar and not afford the same treatment, as requested in the motion papers, to the other (Action No. 2). In severing Action No. 2, Trial Term noted that the attorney for the plaintiff therein had defaulted on the motion and that that action had been abandoned. In view of the fact, however, that that plaintiff was joining in the request to vacate there was no need to oppose the motion and the failure to do so did not constitute a default or abandonment of the action. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.

■ BERGEN-HUDSON ROOFING & SUPPLY Co., INC., Respondent, v. SAM PERLMUTTER, Appellant, et al., Respondent.— In an action to recover for goods sold and delivered, which was settled by stipulation upon the record, defendant Perlmutter appeals from an order of the Supreme Court, Rockland County, dated December 12, 1973, which granted plaintiff's motion to restore the case to the Trial Calendar, upon the condition that plaintiff pay costs in stated amounts to the respective attorneys for the two defendants. Appeal dismissed, without costs. Having accepted and retained the benefits of the order appealed from, to wit, the costs imposed thereby, defendants may not be permitted to urge the invalidity of the determination made by the order (*Amin* v. *McGuire*, 43 A D 2d 578). If we were not dismissing the appeal, we would affirm the order on the merits. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.

■ HARRIET COLLIER et al., Appellants, v. BOARD OF EDUCATION, MOUNT PLEASANT CENTRAL SCHOOL DISTRICT No. 2, Also Known as POCANTICO HILLS CENTRAL SCHOOL, Respondent.— In this proceeding pursuant to article 78 of the CPLR (1) to annul respondent's determination terminating the employment of petitioner Collier as a teacher and (2) for reinstatement of said petitioner, with tenure and back pay, petitioners appeal from a judgment of the Supreme Court, Westchester County, dated March 8, 1973, which, with prejudice, granted respondent's motion to dismiss the petition upon an objection in point of law. Judgment reversed, on the law, without costs, and petition reinstated, with leave to respondent to serve and file an answer to the petition within 10 days after service upon it of a copy of the order to be made hereon, with notice of entry (see *Schwartz* v. *Board of Educ. of Mount Pleasant Cent. School Dist. No. 2,* 46 A D 2d 653). Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.